IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 17 - 51 |
| v. | : | DATE FILED:  February 13, 2017 |
| THOMAS E. HUGHSTED | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

After being convicted for travelling to another state for the purpose of having sex with a minor, the defendant, Thomas E. Hughsted, a registered sex offender, is facing criminal charges once again for conduct involving the sexual exploitation of children.  On January 26, 2017, Hughsted was indicted on one count each of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  Due to his prior sexual abuse conviction, if convicted, the defendant faces a 15-year mandatory minimum sentence under 18 U.S.C. §2252(b)(1).

Pursuant to 18 U.S.C. §3142(e)(3)(E), a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed… 2252(a)(2)[ receipt/distribution of child pornography]… ."  There exists probable cause in this case to find the defendant violated this section of Title 18.

Because the strength of evidence in this instant case makes a conviction likely, the defendant is a flight risk.  Moreover, Hughsted's now repeated sexual behavior toward children

and his inability to abide by prior court supervision conditions which restricted his use of the internet, make him a threat to the safety of the community. Because no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, the government now moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

## I.      PROCEDURAL HISTORY

On January 26, 2017, Thomas E. Hughsted was indicted on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). At the time of the indictment, the defendant had already been arrested and detained by the City of Philadelphia for the same underlining conduct. The defendant has since been transferred into federal custody.

On February 2, 2017, Hughsted had his initial appearance in the Eastern District of Pennsylvania and the Federal Defenders Office was appointed. His detention hearing was scheduled for Monday, February 6, 2017 in front of the Honorable Judge Linda Caracappa. At that hearing, defense counsel indicated he wanted to bring in witnesses who were currently unavailable. As a result, Judge Caracappa continued this case for one week, until February 13, 2017, to permit the defendant additional time to prepare.

**II.  ARGUMENT**

In support of this motion, the government makes the following representations and proposed findings of fact:

**A.  Probable Cause and the Nature and Circumstances of the Case**

There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2252(a)(2). Since this is a case which charges the defendant with offenses under 2252(a)(2) of Title 18, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community as outlined under 18 U.S.C. § 3142(e)(3)(E). The nature and circumstances of the offense charged and the weight of the evidence against the defendant, which are appropriate factors for the detention court's consideration under Title 18, United States Code, Section 3142(g), also support detention here. The evidence in this case is strong and the likelihood of conviction is great.

There is probable cause to conclude that the defendant violated Title 18, United States Code Sections 2252(a)(2), that is the receipt and distribution of child pornography, based on the following:

  a. This investigation started as a result of a cybertip reporting that an online user had shared an image of pre-pubescent boys engaging in sexual activity in a chatroom. The cybertip provided information on the shared image and the Internet Protocol (IP) address associated with the user.

  b. The investigation showed that the online user was accessing the internet using an account which traced back to the defendant, Thomas Hughsted at 6800 Henry Avenue, Philadelphia, PA. The evidence showed that the defendant had

        switched residences during the period of the investigation and had moved into an apartment on Lyceum Avenue in Philadelphia. As a result, Philadelphia Special Victims Unit executed a search warrant for electronics located in the defendant's new apartment. Hughsted was found him to be living alone in that residence.

    c. The FBI then executed its own search warrant to review the electronics seized from the defendant's apartment. The forensic evidence seized from the defendant's residence confirmed that the defendant's laptop and cell phone had contained child pornography.

### B. Criminal Record and Danger to the Community

In addition to the substantial evidence against the defendant, the government submits that his prior sex abuse record and repeated violations of supervision show, by clear and convincing evidence, that there is no combination of conditions which could protect the community from the defendant's unlawful acts.

The defendant is a registered sex offender as a result of a 2009 New Hampshire conviction for attempting to have sex with a minor. In 2009, the defendant was arrested by New Hampshire after he traveled from Philadelphia to Keene, NH, to meet a person he believed to be a child for the purposes of sex. Instead, he met an undercover police detective. He was convicted of one count of Certain Uses of Computer Services Prohibited, in violation of N.H. Stat. 649-B:4, for using a computer in order to solicit a person he believed to be a child for sex, and one count of Attempted Felonious Sexual Assault, in violation of N.H. Stats. 629:1 and 632-A:3. He was sentenced to 12 months of incarceration, but, because he would not stop using the internet for

impermissible reasons while on supervision, the defendant was sentenced to more jail (a sum total of 14 months) due to the continuous violations of his release.

In 2012, the defendant pled guilty to failure of duty to report, as required by the New Hampshire Sex Offender Registry, for failing to disclose his online identities.

His criminal record and his instant alleged offense show that he is a danger to the community, and specifically to children. His prior failures to abide by court-imposed restrictions in his past, especially his inability to use a computer/internet as permitted, is especially compelling here since he is now accused of using the computer to violate federal law. His criminal past provide clear and convincing reasons to detain him.

### C. Maximum Penalties

The total maximum penalty that the defendant faces is a maximum of 100 years of imprisonment, a mandatory minimum term of 15 years, a minimum 5-year term up to lifetime of supervised release, a $750,000 dollar fine, mandatory restitution, and a $300 special assessment.

Under the Sentencing Guidelines, the defendant is expected to face a sentencing range of 188 to 235 months.

The sentencing exposure, coupled with the strength of evidence, provide incentive for the defendant to flee.

## II. CONCLUSION

The defendant's prior conviction for sexual abuse and his history of violations of supervision show that he is a danger to the community. The strength of the evidence and the applicable mandatory minimum provide reasons to believe that the defendant is a flight risk. When all of these factors are viewed in light of the substantial sentence facing the defendant if

convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

                                                    Respectfully submitted,

                                                    LOUIS D. LAPPEN
                                                    Acting United States Attorney

                                                    s/ Priya T. De Souza
                                                    PRIYA T. DE SOUZA
                                                    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 17 - 51 |
| v. | : | DATE FILED:  February 13, 2017 |
| THOMAS E. HUGHSTED | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this          day of                              , 2017, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

    (a)    the government has proven that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

    (b)    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1. The grand jury found probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4) as charged in the grand jury Indictment filed on January 26, 2017.

2. This Court also finds probable cause to believe that the defendant in particular has violated Title 18 United States Code Section 2242(a)(2), which results in a rebuttable presumption that he no condition or combination of conditions will reasonably assure his

appearance as required and the safety of the community, under 18 U.S.C. § 3142(a)(3)(E).

3. The forensic evidence in this case of receipt, distribution, and possession of child pornography is strong.

    a. This investigation started as a result of a cybertip reporting that an online user had shared an image of pre-pubescent boys engaging in sexual activity in a chatroom. The cybertip provided information on the shared image and the IP address associated with the user.

    b. The investigation showed that the online user was accessing the internet using an account which traced back to the defendant, Thomas Hughsted. As a result, Philadelphia Special Victims Unit executed a search warrant on the defendant's residence, where he lived alone.

    c. The FBI then executed its own search warrant to review the electronics seized from the defendant's apartment. The forensic evidence seized from the defendant's residence confirmed that the defendant's laptop and cell phone had contained child pornography.

4. The government's burden of clear and convincing evidence showing that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18 United States Code Section 3142(e), is met by the evidence of the defendant's prior sexual abuse conviction in New Hampshire and by the defendant repeatedly violating the terms of supervision imposed by that prior conviction.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
TIMOTHY R. RICE
*United States Magistrate Judge*

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by email, on the following defense counsel:

>Stuart Pachen, Esquire
>Federal Community Defender Office for
>The Eastern District of Pennsylvania
>The Curtis Center - Suite 540 West
>601 Walnut Street
>Philadelphia, PA 19106

/s/ Priya T. De Souza
PRIYA T. DE SOUZA
Assistant United States Attorney

Date:  February 13, 2017