IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MAG NO. |
| v. | : | DATE FILED: February 13, 2017 |
| THOMAS E. HUGHSTED | : | |

PRETRIAL DETENTION ORDER

AND NOW, this 13th day of Feb., 2017, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) ~~the government has proven that no condition or combination of conditions will reasonably assure the appearance of the defendant as required;~~ and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1. The grand jury found probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4) as charged in the grand jury Indictment filed on January 26, 2017.

2. This Court also finds probable cause to believe that the defendant in particular has violated Title 18 United States Code Section 2242(a)(2), which results in a rebuttable presumption that he no condition or combination of conditions will reasonably assure his

appearance as required and the safety of the community, under 18 U.S.C. § 3142(a)(3)(E).

3. The forensic evidence in this case of receipt, distribution, and possession of child pornography is strong.

    a. This investigation started as a result of a cybertip reporting that an online user had shared an image of pre-pubescent boys engaging in sexual activity in a chatroom. The cybertip provided information on the shared image and the IP address associated with the user.

    b. The investigation showed that the online user was accessing the internet using an account which traced back to the defendant, Thomas Hughsted. As a result, Philadelphia Special Victims Unit executed a search warrant on the defendant's residence, where he lived alone.

    c. The FBI then executed its own search warrant to review the electronics seized from the defendant's apartment. The forensic evidence seized from the defendant's residence confirmed that the defendant's laptop and cell phone had contained child pornography.

4. The government's burden of clear and convincing evidence showing that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18 United States Code Section 3142(e), is met by the evidence of the defendant's prior sexual abuse conviction in New Hampshire and by the defendant repeatedly violating the terms of supervision imposed by that prior conviction.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
TIMOTHY R. RICE
*United States Magistrate Judge*