IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  17-51 |
| THOMAS E. HUGHSTED | : | |

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

### I.   BACKGROUND

On January 26, 2017, the defendant Thomas E. Hughsted was indicted by a federal grand jury on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).   A notice of forfeiture was also filed.

Pursuant to Federal Rule of Criminal Procedure 11, the defendant is expected to enter into a guilty plea agreement to all counts in the indictment.

The defendant's agreement to plead guilty arises from the following criminal conduct:   On May 16, 2016, the defendant knowingly received child pornography, or a visual depiction which depicted and involved the use of a minor engaged in sexually explicit conduct, which had been transported through the Internet.   On June 14, 2016, the defendant knowingly distributed child pornography through the use of the Internet.   On November 8, 2016, the defendant knowingly possessed a laptop and cell phones containing child pornography that had been produced using a

computer, and at least one of the visual depictions involved a prepubescent minor who had not yet attained 12 years of age. When he committed these federal offenses, the defendant had already been convicted in 2009 in New Hampshire for the crime of Certain Use of Computer Prohibited, in violation of N.H. Stat. 649-B:4. The conviction was a result of the defendant using a computer in order to solicit a child for sex. The New Hampshire conviction constitutes a prior child sex offense as described under 18 U.S.C. §§ 2252(b)(1) and (b)(2).

## II.   ESSENTIAL ELEMENTS

To prove 18 U.S.C. § 2252(a)(2) (receipt or distribution of child pornography), the government must prove the following elements beyond a reasonable doubt:

(1)   the defendant knowingly received or distributed a visual depiction;

(2)   the depiction was shipped or transported in interstate or foreign commerce by any means, including the Internet;

(3)   producing the visual depiction involved using a minor engaged in sexually explicit conduct;

(4)   the depiction is of a minor engaged in sexually explicit conduct; and

(5)   the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

See Pattern Crim. Jury Instr. 11th Cir. 83.2 (2011).

To prove 18 U.S.C. § 2252(a)(4) (possession of child pornography), the government must prove the following elements beyond a reasonable doubt:

(1)    That the defendant knowingly possessed computers containing visual depictions of minors engaged in sexually explicit conduct;

(2)    the production of the visual depictions involved the use of a minor engaged in sexually explicit conduct, and the visual depictions was of such conduct;

(3)    at least one visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age;

(4)    that the defendant knew that the visual depictions involved the use of a minor engaging in sexually explicit conduct; and

(5)    that the visual depictions had been produced using materials that had been shipped or transported in interstate or foreign commerce by any means, including by computer.

See 18 U.S.C. § 2252(a)(4)(B); (b)(2).

### III.    STATUTORY MAXIMUM SENTENCE

For the offense of **receipt of child pornography**, in violation of 18 U.S.C. § 2252(a)(2), the maximum penalty is 40 years of incarceration, a mandatory minimum 15 year term of incarceration, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, forfeiture, a $100 special assessment, and an additional special assessment of $5,000 is imposed pursuant to the Justice for Victims of Trafficking Act, 18 U.S.C. § 1591.

For the offense of **distribution of child pornography**, in violation of 18 U.S.C. § 2252(a)(2), the maximum penalty is 40 years of incarceration, a mandatory minimum 15 year term of incarceration, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine,

restitution, forfeiture, a $100 special assessment, and an additional special assessment of $5,000 is imposed pursuant to the Justice for Victims of Trafficking Act, 18 U.S.C. § 1591.

For the offense of **possession of child pornography**, 18 U.S.C. § 2252(a)(4)(B), the maximum penalty is 20 years of incarceration, a mandatory minimum term of 10 years of incarceration, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, a $100 special assessment, and an additional special assessment of $5,000 is imposed pursuant to the Justice for Victims of Trafficking Act, 18 U.S.C. § 1591. The statutory maximum is increased to 20 years, as opposed to 10 years, because the victims are under the age of 12. 18 U.S.C. § 2252(b)(2).

Thus, the total maximum penalty is 100 years imprisonment, a mandatory minimum term of 15 years of incarceration, a minimum 5 year term up to lifetime of supervised release, a $750,000 dollar fine, a $300 special assessment, and a $15,000 special victims assessment under the Victims of Trafficking Act. Restitution and forfeiture may also be ordered.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to three years on Counts One (receipt of child pornography) and Two (distribution of child pornography) and up to two years for a violation of the terms of Count Three (possession of child pornography). Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

In addition, if the defendant violates supervised release by committing one or more specified child exploitation offenses, the Court will revoke supervised release and require the defendant to serve an additional term of imprisonment of at least 5 years (18 U.S.C. § 3583(k)).

## IV.  FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would introduce evidence in the form of internet service records, testimony by law enforcement witnesses, and forensic evidence to establish that the defendant knowingly received, distributed, and possessed child pornography in the Eastern District of Pennsylvania on the dates charged in the indictment.   In particular, the government's evidence would establish the following facts:

Law enforcement received a cyber-tip reporting the distribution of child pornography in an internet chatroom by an online user on June 14, 2016.   The user, defendant Hughsted, knowingly shared a sexually explicit image depicting a pre-pubescent boy providing oral sex to another prepubescent boy (the "Image").   The children depicted in the Image are approximately 8 to 10 years of age.   Hughsted shared the Image by transporting it on the Internet.   Hughsted knew that at least one of the performers in the Image was a minor and further knew that the Image showed that minor engaged in sexually explicit conduct.   Business records showed that Hughsted was accessing the chatroom using an internet service registered in his name, Thomas E. Hughsted, in Philadelphia, Pennsylvania.

On November 8, 2016, law enforcement executed a search warrant on the defendant's home located at 440 Lyceum Avenue in Philadelphia.   That day, the defendant was found in knowing possession of a laptop and cell phones, which collectively contained at least 150 images

and 3 videos depicting child pornography.   The defendant's collection focused on the victimization of prepubescent boys engaged in sexually explicit conduct, including the penetration of prepubescent boys or other depictions of violence.   The defendant knew that images and videos contained on his laptop and cell phones involved the use of a minor engaging in sexually explicit conduct and further knew that the images and videos had been produced using materials that had been shipped or transported in interstate or foreign commerce by any means, including by computer.   A forensic examination of the defendant's laptop located the original cyber-tip image, the Image, that had been reported to law enforcement.   Forensics further showed that the defendant knowingly received the Image of child pornography on his laptop using the Internet on May 16, 2016.

V.   **CONCLUSION**

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea by the defendant to the three counts of child pornography offenses as listed in the indictment.   The government respectfully requests that the Court accept the defendant's plea of guilty to the indictment.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

/s/ Eric A. Boden
ERIC A. BODEN
Assistant United States Attorney

Dated: January 23, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Change

of Plea Memorandum to be served by email to:

BENJAMIN BRAIT COOPER
ALLAN J. SAGOT & ASSOCIATES
1601 CHERRY ST SUITE 1320
PHILADELPHIA, PA 19102
215-557-0240
Email: bcooperlawyer@gmail.com

*/s/ Eric A. Boden*
ERIC A. BODEN
Assistant United States Attorney

Dated: January 23, 2018