IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 17-51 |
| | : | |
| THOMAS E. HUGHSTED | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
<u>PRELIMINARY ORDER OF FORFEITURE</u>**

The United States of America, by and through it attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Priya T. De Souza, Assistant United States Attorney, respectfully requests entry of a judgment and preliminary order of forfeiture, and in support of this motion, the United States represents as follows:

1. On January 16, 2017, the defendant was charged by Indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count One), distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count Two) and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Three). The Notice of Forfeiture in the Indictment alleges that the defendant's interest in certain property was forfeitable as a result of the offenses charged in Counts One through Three of the Indictment.

2. On January 31, 2018, the defendant pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count One), distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count Two) and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Three). The defendant further agreed not to contest forfeiture as set forth in the Notice of Forfeiture in the Indictment.

3. Based upon the facts set forth at the change of plea hearing, those set forth in the executed plea agreement, and the record as a whole, the defendant is required and has agreed, pursuant to 18 U.S.C. § 2253, to criminally forfeit his interest in any and all property, real or personal, used or intended to be used to commit or to promote the commission of any violation of 18 U.S.C. § 2252, as set forth in Counts One through Three of the Indictment, and to which the defendant has admitted guilt.

4. The government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Three of the Indictment, and that the government has established the requisite nexus between such property and such offenses:

    a)    one (1) LG LS675 cell phone;

    b)    one (1) HTC Evo cell phone;

    c)    one (1) HP Laptop, with serial number 5CD2216H96

as property, real or personal, that was used or was intended to be used to commit or to promote the commission of the aforesaid violations (hereinafter referred to as the "Subject Property").

Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, and on any person known to have an interest in the Subject Property, in addition to service upon their attorneys, if they are represented.

5. The government requests authority to seize the property described above not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. §853(g).

6. The government requests authority to undertake publication of the forfeiture order and notify potential third-party claimants, pursuant to Fed.R.Crim.Proc. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation Unit


s/ Priya T. De Souza
PRIYA T. DESOUZA
Assistant United States Attorney

Date: November 26, 2018

## CERTIFICATE OF SERVICE

The foregoing Motion for Judgment and Preliminary Order of Forfeiture, and proposed Order will be served either by hand, or electronically through the District Court Electronic Case System upon:

Benjamin Brait Cooper, Esquire
Allan J. Sagot & Associates
1601 Cherry Street, Suite 1320
Philadelphia, PA 19102


s/ Priya T. De Souza
PRIYA T. DESOUZA
Assistant United States Attorney

Date: November 26, 2018

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 17-51 |
| | : | |
| THOMAS E. HUGHSTED | : | |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As a result of the defendant's guilty plea to Counts One through Three of the Indictment, charging receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count One), distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count Two) and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Three), for which the government sought forfeiture pursuant to 18 U.S.C. § 2253, the defendant hereby forfeits to the United States all right, title and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of said violations.

2. The Court has determined, based on the facts set forth at the change of plea hearing and those set forth in the executed plea agreement, and the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Three of the Indictment and that the government has established the requisite nexus between such property and such offenses:

      a)    one (1) LG LS675 cell phone;

      b)    one (1) HTC Evo cell phone;

      c)    one (1) HP Laptop, with serial number 5CD2216H96

as property, real or personal, that was used or was intended to be used to commit or to promote the commission of the aforesaid violations (hereinafter referred to as the "Subject Property").

3. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. The Attorney General, or a designee, pursuant to Fed.R.Crim.P. 32.2(b)(3), is authorized to conduct any discovery necessary to identify, locate, or dispose of property subject to this Order.

5. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed.R.Crim.P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

6. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the

property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

7. Any person, other than defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. *See United States v. Bennett*, 423 F.3d. 271 (3rd Cir. 2005)(to be effective, a forfeiture order must be included in sentence and judgment).

9. Following the disposition of any petition filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"); and to counsel for the parties.

**ORDERED this      day of                    , 2018.**

_____
HONORABLE GENE E.K. PRATTER
*Judge, United States District Court*